# United States Court of Appeals for the Fifth Circuit

---

No. 22-51112
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

October 17, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Alejandro Diaz,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:22-CR-103-1

---

Before Davis, Willett, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Alejandro Diaz appeals the 151-month within-guidelines sentence imposed after his guilty plea conviction for possession with intent to distribute 50 grams or more of actual methamphetamine. He argues the district court clearly erred in finding that he was responsible for at least 500 grams of actual methamphetamine in determining his base offense level.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-51112

Because Diaz preserved his challenge to the district court's drug quantity calculation, we review the district court's "factual findings for clear error." *United States v. Zuniga*, 720 F.3d 587, 590 (5th Cir. 2013). "A factual finding is not clearly erroneous if it is plausible in light of the record as a whole." *United States v. Alaniz*, 726 F.3d 586, 618 (5th Cir. 2013) (internal quotation marks and citation omitted).

In determining the drug quantity, the district court reasonably relied on information in the presentence report (PSR), including the police officers' investigation, surveillance, controlled purchases from Diaz, and Diaz's text and What's App messages. *See United States v. Lucio*, 985 F.3d 482, 485-88 (5th Cir. 2021). Further, the Government presented Diaz's What's App messages, in which he discussed purchasing and distributing various quantities of methamphetamine with at least three individuals. Diaz also admitted at the sentencing hearing that he had sold 300 to 400 grams of actual methamphetamine. The district court found incredible Diaz's testimony that he did not sell 500 grams of actual methamphetamine, and we defer to that finding. *See United States v. Perez*, 217 F.3d 323, 332 (5th Cir. 2000). Other than his testimony, Diaz did not present any additional evidence to rebut the drug quantity information in the PSR. The district court's finding that Diaz was accountable for at least 500 grams of actual methamphetamine was plausible in view of the record as a whole and, therefore, was not clearly erroneous. *See Alaniz*, 726 F.3d at 618.

AFFIRMED.